IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                            ) | CRIMINAL NO. 3:2008-31 |
| ) | |
| Levon Gause, A/K/A "Dink",    ) | JUDGE GIBSON |
| ) | |
| Defendant.                    ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant Levon Gause's Motion in Limine (Document No. 73). The Government opposes the granting of Motions Numbers 3, 6, and 7. With certain reservations, the Government does not oppose the granting of Motions 1, 2, 4, and 5. *See* Government's Response (Document No. 80). Jury selection and trial in this matter is scheduled for Monday, October 5, 2009. The Defendant is charged with one violation: distribution of cocaine base, commonly known as crack. The Court **DENIES** Motions 3, 6, and 7, **GRANTS** Motions 1 and 2, **GRANTS IN PART AND DENIES IN PART** Motion 5, and **RULING IS DEFERRED** on Motion 4.

**Motion in Limine 1**

First, the Defendant seeks to exclude "the content of the March 14, 2007 recorded phone conversations between the defendant and the C.I." The Government contends that it will not introduce the recorded phone conversation, but may "elicit testimony from the C.I. about the

1

attempted deal that was arranged on that date between the C.I. and the defendant." Because the government does not oppose this motion, the motion is **GRANTED**. This ruling does not prohibit the Government from eliciting testimony from the C.I. regarding the drug deal in question.

**Motion in Limine 2**

In this motion, defendant asks the court to exclude the recorded conversation of August 11, 2008, between the defendant and a "source." Because, the United States does not intend to introduce the recorded phone conversation, this motion is **GRANTED**.

**Motion in Limine 3**

In this motion, defendant requests that the court prohibit the use of a written transcript for the recording of the controlled buy that occurred on April 19, 2007. The defendant contends it has not received copies of the transcript prior to the trial. Because the use of a transcript is a valid means of explaining the contents of a conversation, and there is no evidentiary principle excluding the use of this transcript, this motion will be **DENIED**. The court **ORDERS** the government to provide the defendant a copy of the transcript prior to the beginning trial in order to permit defendant to properly prepare for the proceedings. The Court will issue jury instructions regarding the proper use of the transcript.

**Motion in Limine 4**

In this motion, the defendant objects to the introduction of the taped statements from a

conversation between the defendant and a C.I. occurring on March 14, 2007, April 19, 2007, and August 11, 2008. Citing the factors from *U.S. v. Starks*, which the Third Circuit listed prior to admitting a sound recording into evidence,[1] the defendant objects to the introduction of these tapes until "the Government first establishes, by clear and convincing evidence, a foundation for the admissibility of the recordings." However, the defendant conflates the standards for admissibility and authentication. The "clear and convincing standard" relates to authentication of the tapes, and not the standard for determining admissibility.

The test presented in *Starks* dealt with authenticating recordings, as the court observed that audio records are "peculiarly susceptible of alteration, tampering, and selective editing."[2] It did not deal with general standards of admissibility. The government acknowledges that it will "comply with its responsibility [to] properly authentic[ate] the recorded statements prior to admission" according to the factors in *Stark*. Thus, this motion in limine as drafted is somewhat moot.

The appropriate test for admissibility of the taped recording, rather, is provided by Federal Rule of Evidence 901(a): "The requirement of authentication or identification as a condition precedent to *admissibility* is satisfied by evidence *sufficient to support a finding* that the matter in question is what its proponents claim." The standard for admissibility is "sufficient evidence," and not "clear and convincing evidence." Therefore, the court **DEFERS RULING ON THIS**

---

[1] *U.S. v. Starks*, 515 F.2d 112, 113 n. 11 (3rd Cir. 1975) ("A review of the authorities leads to the conclusion that, before a sound recording is admitted into evidence, a foundation must be established by showing the following facts:(1) That the recording device was capable of taping the conversation now offered in evidence.(2) That the operator of the device was competent to operate the device.(3) That the recording is authentic and correct.(4) That changes, additions or deletions have not been made in the recording.(5) That the recording had been preserved in a manner that is shown to the court.(6) That the speakers are identified.(7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.").
[2] *Ibid.*

3

**MOTION**, until trial in order to determine whether the government satisfies the appropriate evidentiary standard.

## Motion in Limine 5

In this motion, the defendant asks the court to prohibit *any* "government agent" from interpreting or opining as to what is said or meant during conversations between the defendant and a C.I. The defendant proffers that the recorded conversation is the best evidence of what the parties said. The government conveyed that it does not intend to "offer any opinion or interpretation testimony by *any law enforcement officers* testifying at trial as to what was said or meant during the recorded conversation between the defendant and the confidential informant. However, the United States will elicit from the CI exactly what was said and meant during his recorded conversation with the Defendant." As the government acknowledges, it is unclear if the defendant's motion is referring to the particular confidential informant involved in this case, or any government agent.

While the government does not oppose granting this motion with respect to a governmental agent other than the confidential informant, the government seeks to have this motion denied with respect to the confidential informant.

The defendant's argument, roughly based on the Best Evidence rule, misstates the rule. The Best Evidence Rule, codified in Federal Rule of Evidence 1002 provides: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." However, in this case the government is not using the testimony of the confidential informant to prove the content of the recording.

Rather, the C.I. is testifying from personal knowledge about the conversations in which he participated. The Best Evidence Rule is inapt. But, officers who lack personal knowledge about the conversations will not be permitted to testify about them. Therefore, this motion is **DENIED** with respect to testimony elicited from the Confidential Informant, but **GRANTED** with respect to all other government agents who lack personal knowledge of the conversation which was recorded.

**Motion in Limine 6**

In this motion, the defendant requests that the court order the government to provide access to the vehicle that was used during the purchase of the crack cocaine by the defendant on April 19, 2007. The defendant acknowledges that he does not know the whereabouts of the vehicle. The government counters that the vehicle is not in the "possession, custody, and control" of the government. The government has "no idea where the vehicle is currently located." Because the vehicle is not in the possession or control of the government, and additionally its location being unknown, this motion is **DENIED**.

**Motion in Limine 7**

In this motion, the defendant requests that the court reconsider its previous decision that evidence of the defendant's prior 2003 conviction for Flight to Avoid Apprehension, Trial or Punishment may be admitted under Federal Rule of Evidence 609 on the issue of his credibility if he testifies. The defendant writes, "recognizing that the Court has previously ruled on this issue in its Opinion and Order dated August 12, 2009, the Defendant seeks a ruling in Limine that the

5

Government be prevented from introducing the 2003 conviction as impeachment evidence at trial, and to further preserve the issue for trial." The court has already dealt with and resolved this issue in the Memorandum Opinion and Order of the Court, dated August 12, 2009 (Document No. 62). No further consideration of this issue is necessary at this time, and the Defendant's motion is **DENIED**.

**AND NOW**, this 1st day of October, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion in Limine (Document No. 73) is **DENIED** with respect to Motions 3, 6, and 7, **GRANTED** with respect to Motions 1 and 2, **GRANTED IN PART AND DENIED IN PART** with respect to Motion 5, and **RULING IS DEFERRED** on Motion 4.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**